■ CHARLES COLEMAN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31725.)— Appeal by the State from a judgment in favor of claimant upon a decision of the Court of Claims. Claimant, while an inmate of a State prison and working in the prison brush shop, was injured when two fingers of his left hand were cut by the revolving blades of the shaping machine which

he was operating. The machine was designed to be equipped with a guard such as was required, of private employers at least, by section 256 of the Labor Law. The State had failed to provide any guard. Claimant has been awarded judgment and the State appeals. In its oral decision, announced at the close of the evidence, the court said: "It is my opinion that the State should have had a guard on this machine. I do think that if the claimant had used his diligence while he was operating the machine and manipulating the block of wood, maybe he would not have been hurt. But the fact is he was hurt." This seems to be a finding of contributory negligence but we find upon the evidence that no negligence on claimant's part contributed to cause his injury. We concur with the trial court that the preponderance of the evidence requires the determination that the State's failure to equip the machine with a guard was negligence constituting the proximate cause of claimant's injuries. Thus a recovery for common-law negligence must be sustained. No question is raised as to the amount awarded. It is therefore unnecessary to consider respondent's contention that the State was subject to the provisions of section 256 of the Labor Law, so that its failure to supply the machine with a guard was a violation thereof, rendering it liable to claimant without regard to any contributory negligence on his part. Judgment unanimously affirmed, with costs to respondent. The order should contain findings in accordance herewith and be settled on notice. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.